UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK
_____

JOSEPH TRACEY

                      Plaintiff,

    v.                                        **AMENDED COMPLAINT**

CITY OF GENEVA,
CITY OF GENEVA MAYOR, RON ALCOCK,
CITY OF GENEVA CHIEF OF POLICE, JEFFREY TRICKLER,
CITY OF GENEVA POLICE OFFICER NICHOLAS BIELOWICZ,
CITY OF GENEVA POLICE OFFICER, POTTER,
CITY OF GENEVA POLICE OFFICER, LAGOTTI,
CITY OF GENEVA POLICE OFFICER, JANE DOE 1,
CITY OF GENEVA POLICE OFFICER, JOHN DOE 1,
CITY OF GENEVA POLICE OFFICER, JOHN DOE 2,
CITY OF GENEVA POLICE OFFICER, JOHN DOE 3,
CITY OF GENEVA POLICE OFFICER, JOHN DOE 4,
CITY OF GENEVA POLICE OFFICER, JOHN DOE 5,
CITY OF GENEVA FIRE CHIEF, MICHAEL COMBS,
CITY OF GENEVA FIRE FIGHTER, JEFFREY HARLOFF,
CITY OF GENEVA FIRE FIGHTER, JAMES MCCORMACK,
CITY OF GENEVA FIRE FIGHTER, JOHN WRIGHT,
CITY OF GENEVA FIRE FIGHTER, MIKE BUCKLIN,
CITY OF GENEVA FIRE FIGHTER, BILL HASTINGS,
CITY OF GENEVA FIRE FIGHTER, DAN GALLAGHER,
CITY OF GENEVA FIRE FIGHTER, DAN MCGUIGAN,
CITY OF GENEVA FIRE FIGHTER, MIKE JOHN,
CITY OF GENEVA FIRE FIGHTER, STEVE LATHEY,
CITY OF GENEVA FIRE FIGHTER, RICHARD RINEHART,
CITY OF GENEVA FIRE FIGHTER, MIKE COMBS,
CITY OF GENEVA FIRE FIGHTER, JOHN GUINN,
CITY OF GENEVA FIRE FIGHTER, JOHN DOE 1,
CITY OF GENEVA FIRE FIGHTER, JOHN DOE 2,
CITY OF GENEVA FIRE FIGHTER, JOHN DOE 3,
CITY OF GENEVA FIRE FIGHTER, JOHN DOE 4,
CITY OF GENEVA FIRE FIGHTER, JOHN DOE 5,

                      Defendants.
_____

       Plaintiff, Joseph Tracey by his attorneys at Wesley Clark & Bates, LLP, complaining of

the Defendants herein, respectfully alleges upon information and belief:

## PRELIMINARY STATEMENT

1. By the conduct, acts, and omissions complained of herein, Defendant's intentional, wanton and reckless actions caused substantial and serious injuries to Plaintiff, Joseph Tracey for which he seeks monetary damages.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendment to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiffs' constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue in this District is proper under 28 U.S.C. §1391(b) an (c) in that the Defendants City of Geneva et al., are administratively located within the Western District of New York, and the events giving rise to this claim occurred within the boundaries of the Western District of New York.

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

6. At all times relevant to this action, Plaintiff Joseph Tracey was a resident of Ontario County, New York.

7. Defendant City of Geneva [hereinafter "Defendant Geneva"] is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York with its principal place of business in the County of Ontario, State of New York.

8. Defendant Geneva is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

9. Defendant Geneva is also authorized by law to maintain a fire department, for which it is ultimately responsible.

10. Defendant Geneva was at all times relevant herein the public employer of Defendants Geneva Police Chief, Jeffrey Trickler [hereinafter "Trickler"]; Geneva Police Officers, Bielowicz, Potter, Lagotti, and Officers John Doe 1-5; Geneva Fire Chief, Michael Combs [hereinafter "Combs"]; and Geneva City Firefighters Harloff, McCormack, Wright, Bucklin, Hastings, Gallagher, McGuigan, John, Lathey, Rinehart, Combs, Quinn and John Doe Firefighters 1-5.

11. City of Geneva Police Officers Bielowicz, Potter, Lagotti, and Officers John Doe 1-5 and Geneva City Firefighters Harloff, McCormack, Wright, Bucklin, Hastings, Gallagher, McGuigan, John, Lathey, Rinehart, Combs, Quinn and John Doe Firefighters 1-5 [hereinafter referred to collectively as "On-scene Defendants"] perpetrated an illegal search of Plaintiff's residence and/or Plaintiff's illegal arrest and/or use of excessive and unnecessary force on Plaintiff and/or failed to intervene to protect Plaintiff's constitutional rights and/or committed assault, battery, and false arrest.

12. Defendant Geneva Mayor, Ron Alcock [hereinafter "Defendant Mayor"] is charged with overseeing all city operations, including enforcement of law, appointing department heads, implementing policy and administration of personnel and civil service. Defendants Geneva,

Mayor, Geneva Police Department, Geneva Fire Department, Trickler and Combs, [hereinafter "Municipal Defendants"] assume the risks incidental to the maintenance of a police force and a firefighting force as well as the employment of police officers and firefighters.

13. On-scene Defendants are and were at all times relevant herein duly appointed and acting police officers, and/or firefighters, and servants, employees and agents of the City of Geneva Police Department [hereinafter "GPD"] and/or the City of Geneva Fire Department [hereinafter "GFD"], both municipal agencies of Defendant Geneva.

14. At all times relevant herein, the individual On-Scene Defendants were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York, GPD and GFD, in the course and scope of their duties and functions as officers, firefighters, agents, servants, and employees of Defendant Geneva, were acting for, and on behalf of, and with the power and authority vested in them by the City of Geneva, GPD and/or GFD, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. On-Scene Defendants are sued individually and in their official capacity.

15. By the conduct, acts, and omissions complained of herein, On-Scene Defendants violated clearly established constitutional standards under the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable police officer or firefighter would have known.

## NOTICE OF CLAIM

16. Plaintiff timely filed a Notice of Claim setting forth the facts underlying Plaintiff's claim against the above-named defendants by Certified Mail on October 28, 2016. Plaintiff was

subjected to a limited examination pursuant to N.Y. Gen. Mun. L. Sec. 50-h on February 1, 2017. The exam was limited due to the pending criminal charges against Plaintiff. Once the criminal charges are concluded, Plaintiff has agreed to complete the 50-h examination. To date, Plaintiff has not received an answer or an offer of compensation from Defendants in response to this claim. This action has been commenced within one year of the date of occurrence of the events giving rise to this Complaint.

## STATEMENT OF FACTS

17. On August 15, 2016 at approximately 5:56 a.m., On-Scene Defendants caused Plaintiff, Joseph Tracey, serious physical injury by their use of excessive and unnecessary force in their execution of an unlawful arrest of Plaintiff.

18. On-Scene Defendants responded to 73 Reed Street, Geneva, NY 14456 after receiving a report of a barn fire.

19. Upon arrival to the scene, the On-scene Defendants were frustrated with Plaintiff because, hours before, they had responded to Plaintiff's residence at 14 Larchmont Street, Geneva, NY 14456 for two false alarms.

20. When the On-scene Defendants arrived at the 73 Reed Street location, they were frustrated, agitated and tense because of the two prior false alarms but also because one of the responding firefighters had suffered a heart attack as soon as he arrived on scene.

21. As they approached the barn, the On-scene Defendants encountered Plaintiff trying to control the fire. They intervened and immediately put out the fire and began an investigation into the cause of the fire. Plaintiff was cooperative during the investigation and even offered to provide On-scene Defendants with video from his home surveillance system.

22. During the investigation, the On-scene Defendants without a warrant or probable cause entered and searched the house located adjacent to the subject barn, which was a significant distance away from the barn. This structure was not affected by the barn fire. The house is a rental property, owned by the Plaintiff and occupied by two tenants – one being the Plaintiff. Neither the tenants, nor the Plaintiff, consented to the On-scene Defendants entering the housing structure on the property.

23. After a period of questioning by On-scene Defendants, Plaintiff entered the doorway leading to the basement area from the outside, he saw his long-gun leaning against a wall. Knowing that the On-scene Defendants had already entered his residence, Plaintiff knew they would likely enter this basement area of the residence as well, and hoping to avoid any further tension, he picked up the long gun and proceeded to walk down into the basement away from the exit door and away from the On-scene Defendants (who were outside). Plaintiff placed the gun in its storage area.

24. Shortly thereafter, Plaintiff decided to exit the basement to have a cigarette. As he walked up the basement steps and through the exit door, he had nothing in his hands. As he was walking outside, Plaintiff was told to place his hands in the air, he complied and was immediately shot with a police taser, without warning. After being tased, Plaintiff was immediately tackled to the ground by more than one of the On-scene Defendants.

25. While on the ground, several of the On-scene Defendants used excessive force while taking the seriously injured Plaintiff into custody. The way in which they executed this illegal and false arrest was so violent that it caused the Plaintiff's humerus (upper arm) to fracture.

26. While laying on the ground, face down in the dirt, having been tased and with a broken arm – Plaintiff repeatedly asked why he was being arrested and requested medical attention. The

On-scene Defendants left Plaintiff in this condition on the ground, ignoring his requests for medical assistance for approximately thirty minutes.

27. The conduct of the On-scene Defendants was illegal, unnecessary, excessive and was done maliciously and in bad faith.

28. As a result of the events alleged herein and due directly to the actions taken by the On-scene Defendants, Plaintiff suffered and continues to suffer serious physical injury, pain, emotional trauma, discomfort, humiliation, fear, anxiety, embarrassment and economic loss among other things.

## CAUSES OF ACTION
### FIRST CLAIM: EXCESSIVE FORCE
### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C §1983 BY ON-SCENE DEFENDANTS

29. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

30. The conduct and actions of the On-scene Defendants, acting in concert and under color of law, in authorizing, directing and/or causing Plaintiff to be tased, grabbed, forced to the ground with his arms pulled behind his back so forcefully that his humerus bone was fractured was excessive and unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or wanton and reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical injury and emotional pain and suffering in violation of Plaintiff's rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from the use of excessive, unreasonable and unjustified force.

31. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional injury and pain and suffering, humiliation, was deprived of his liberty, and was otherwise damaged and injured and is entitled to relief under 42 U.S.C. Section 1983.

**SECOND CLAIM: ILLEGAL SEARCH AND SIEZURE OF PLAINTIFF
DEPRIVATION OF RIGHTS IN VIOLATION OF
42 U.S.C. SECTION 1983 BY ON-SCENE DEFENDANTS**

32. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

33. The On-scene Defendants illegally searched and seized Plaintiff's person without probable cause or reasonable suspicion that a crime had been or was being committed, this is in violation of the Fourth Amendment and Fourteenth Amendments to the United States Constitution.

34. By the actions described above, On-scene Defendants, without a warrant and without probable cause and while acting under color of law, arrested Plaintiff and deprived him of certain constitutionally protected rights to be free from unreasonable searches and seizures, the right not to be deprived of liberty without due process of law and the right to be free from false arrest, all in violation of 42 U.S.C. Section 1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

35. The conduct and actions of the On-scene Defendants, while acting under color of state law, was without probable cause or reasonable suspicion that a crime had been or was being committed, they exercised their authority as police officers by falsely arresting, searching and seizing Plaintiff who was at all times cooperative and acting in a lawful manner.

36. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional injury, pain and suffering, humiliation, was deprived of his liberty, and was otherwise damaged and injured and is entitled to relief under 42 U.S.C. Section 1983.

### THIRD CLAIM: ILLEGAL SEARCH AND SIEZURE OF PLAINTIFF'S RESIDENTIAL PROPERTY DEPRIVATION OF RIGHTS IN VIOLATION OF 42 U.S.C. SECTION 1983 BY ON-SCENE DEFENDANTS

37. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

38. The On-scene Defendants, without a warrant or without probable cause and while acting under color of law, entered Plaintiff's house and deprived him of certain constitutionally protected rights to be free from unreasonable searches and seizures, the right not to be deprived of liberty without due process of law and the right to be free from the illegal search of his property, all in violation of 42 U.S.C. Section 1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

39. The conduct and actions by the On-scene Defendants herein, acting under color of state law, without consent, a warrant, probable cause or reasonable suspicion that a crime had been or was being committed, illegally exercised their authority as police officers by entering, searching and exercising control over the areas they were in while, searching and seizing Plaintiff's residence. As a direct and proximate cause of the illegal search and seizure of Plaintiff's residence by the Defendants herein, Plaintiff suffered and continues to suffer injuries and damages in an amount that will be established at trial. As a direct and proximate result of the Defendants' violations of Plaintiff's constitutional rights, Plaintiff is entitled to relief under 42 U.S.C. Section 1983.

## FOURTH CLAIM: FAILURE TO INTERVENE TO PROTECT PLAINTIFF'S CONSTITUTIONAL RIGHTS BY ON-SCENE DEFENDATS IN VIOLATION OF 42 U.S.C. SECTION 1983

40. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

41. During the incident, when certain of the On-Scene Defendants illegally searched and seized Plaintiff and/or used illegal and excessive force against him and/or illegally searched and seized his property, there was an affirmative duty on the part of the other On-scene Defendants who were present to intervene to protect the constitutional rights of Plaintiff from infringement by the other On-scene Defendants.

42. The On-scene Defendants herein who failed to intervene to protect Plaintiff's constitutional rights violated 42 USC Section 1983 since an infringement of Plaintiff's constitutional rights occurred within their presence and they failed to intervene and protect Plaintiff's constitutional rights.

43. The Defendants herein who failed to intervene to prevent injury to Plaintiff observed and/or had reason to know that excessive force was being used on Plaintiff, and/or that Plaintiff had been unjustifiably arrested, and/or that his property was being illegally searched, and/or that a constitutional violation had been committed by law enforcement officials.

44. There was a reasonable and realistic opportunity for the other Defendants to intervene to prevent the harm to Plaintiff from occurring.

45. As a direct and proximate cause of the illegal search and seizure of Plaintiff, the use of excessive force against Plaintiff and the failure of the On-scene Defendants herein to intervene to protect the constitutional rights of Plaintiff from infringement by the other On-

scene Defendants, Plaintiff suffered and continues to suffer serious physical and mental injuries and other damages in an amount that will be established at trial.

46. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional injury and pain and suffering, humiliation, was deprived of his liberty, and was otherwise damaged and injured and is entitled to relief under 42 U.S.C. Section 1983.

### FIFTH CLAIM: ASSAULT
### COMMON LAW CLAIM

47. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

48. By the conduct and actions described above, the On-scene Defendants inflicted the tort of assault upon Plaintiff. Their acts were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

49. The On-scene Defendants' acts of tasering, tackling, forcefully grabbing and manipulating the Plaintiff's body upon exiting his residence, as detailed in the allegations and preceding paragraphs, constituted an assault upon Plaintiff in that they intentionally placed plaintiff in apprehension of imminent harmful and offensive conduct.

50. The On-scene Defendants herein made an intentional attempt, displayed by violence or threatening gesture, to do injury to or commit a battery upon Plaintiff's person.

51. The actions of the On-scene Defendants were intentional, wanton and reckless, unwarranted, and without any just cause or provocation, and they knew, or should have known, that their actions were without consent of Plaintiff. The injuries sustained by Plaintiff were caused solely by reason of the conduct described, and Plaintiff did not consent, provoke or contribute thereto.

52. As a direct and proximate result of the foregoing, Plaintiff was subjected to serious physical injury and emotional pain, embarrassment and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

### SIXTH CLAIM: BATTERY
### COMMON LAW CLAIM

53. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

54. By the conduct and actions described above, the On-scene Defendants inflicted the tort of battery upon Plaintiff. Their acts were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

55. The On-scene Defendants' acts of tasering, tackling, forcefully grabbing and manipulating the Plaintiff's body upon exiting his residence as detailed in the allegations and preceding paragraphs constituted a battery upon Plaintiff in that the above-described bodily contact was intentional, unauthorized and offensive.

56. The actions of the On-scene Defendants were intentional, wanton and reckless, unwarranted, and without any just cause or provocation, and they knew, or should have known, that their actions were without consent of Plaintiff.

57. The injuries sustained by Plaintiff were caused solely by reason of the conduct described, and Plaintiff did not consent, provoke or contribute thereto.

58. As a direct and proximate result of the foregoing, Plaintiff was subjected to serious physical injury and emotional pain, embarrassment and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

## SEVENTH CLAIM: FALSE ARREST
## COMMON LAW CLAIM

59. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

60. On August 15, 2016, the On-scene Defendants were responding to a fire in progress at Plaintiff's property.

61. Once the fire was under control, the On-scene Defendants began investigating the cause of the fire. During their investigation, one of the GFD Firefighters/Investigators, not a police or peace officer, allegedly looked through one of the windows leading to the basement and observed Plaintiff with his long-gun. This individual would have seen Plaintiff walking with the gun lowered to the floor, further into the basement and away from all others on scene.

62. Plaintiff committed no criminal offense that evening. He did not menace any police officer, peace officer nor any other party for that matter. At no time did Plaintiff point or attempt to point a gun at anyone. When Plaintiff exited the basement, his hands were empty. The On-scene Defendants were able to observe this as they demanded that he exit with his hands raised – an order Plaintiff complied with immediately.

63. As he complied with this order, he was tasered and tackled to the ground.

64. Plaintiff was detained and arrested, illegally and against his will, for the charges of Arson and Menacing of a Police or Peace Officer and Menacing in the Second Degree.

65. Therefore, Plaintiff was confined, conscious of the confinement without his consent, and there was no legal reason for his confinement.

66. The Arson charge was dismissed by the District Attorney. The Menacing charges are pending in Geneva City Court.

68. The Officers lacked probable cause to arrest Plaintiff for the Menacing charges. At no point during their investigation did Plaintiff intentionally place or attempt to place a police officer, a peace officer or any individual person in reasonable fear of physical injury. Plaintiff did not display any weapon, whether inside or outside of his residence on the date of incident. He did not threaten the On-scene Defendants, nor anyone else at any time that morning.

69. As a result of Plaintiff's false arrest, he was illegally detained in Police custody for ten days following the arrest on August 15, 2016.

## EIGHTH CLAIM: RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF GENEVA FOR STATE LAW VIOLATIONS
## COMMON LAW CLAIM

67. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

68. The misconduct and unlawful acts of the On-scene Defendants alleged herein occurred while they were on duty and in uniform.

69. All of the intentional, wanton and reckless actions taken were during the course and scope of their authority, duties and functions as City of Geneva Police Officers and Firefighters, and while they were acting as agents, officers, firefighters, servants and employees of Defendant Geneva. As a result of all the acts detailed above, the Municipal Defendants are liable to Plaintiff for all associated damages due the Plaintiff pursuant to the state common law doctrine of respondeat superior.

**WHEREFORE,** Plaintiff demands the following relief jointly and severally against all of the Defendants:

- Compensatory general and special damages in the amount to be determined by a jury;

- Punitive damages in an amount to be determined by a jury;

- An award of reasonable attorney's fees and expert fees applicable pursuant to 42 U.S.C. Section 1988;

- The convening and empaneling of a jury to consider the merits of the claims herein;

- Such other and further relief as this Court may deem just and proper.

Dated: Rochester, New York
August 15, 2017

/s/ Kevin R. Clark
Kevin R. Clark, Esq.