```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

JOSEPH TRACEY,

                    Plaintiff,

    -vs-                           **No. 6:17-cv-06567-MAT**
                                     **DECISION AND ORDER**
CITY OF GENEVA, et al.,

                    Defendants.

**I. INTRODUCTION**

Represented by counsel, Joseph Tracey ("Plaintiff") commenced the instant action on August 14, 2017, alleging violations of his Fourth and Fourteenth Amendment rights, as well as state law claims for assault, battery, false arrest, and supervisory liability. Plaintiff filed an Amended Complaint on August 15, 2017 (Docket No. 2), which is the operative pleading.

Currently pending before the Court is a motion to dismiss or, in the alternative, for a more definite statement, filed by defendants the City of Geneva, City of Geneva Mayor Ron Alcock ("Mayor Alcock"), City of Geneva Chief of Police Jeffrey Trickler ("Chief Trickler"), City of Geneva Fire Chief Michael Combs ("Chief Combs"), City of Geneva Police Officers Nicholas Bielowicz, Potter, and Lagotti, and City of Geneva Fire Fighters Jeffrey Harloff, James McCormack, John Wright, Mike Bucklin, Bill Hastings, Dan Gallagher, Dan McGuigan, Mike John, Steve Lathey, Mike Combs, Richard Rinehart, and John Guinn (collectively the "Moving Defendants"). Docket No. 8. The Moving Defendants seek dismissal of the Amended Complaint in its entirety, arguing that:

(1) Plaintiff fails to state a claim, because he has engaged in impermissible "group pleading" rather than alleging conduct by any individual defendant; and (2) Plaintiff failed to comply with New York General Municipal Law § 50-h with respect to his state law claims. For the reasons discussed below, the Court grants the Moving Defendants' motion to dismiss the Amended Complaint in its entirety. The Moving Defendants' alternative request for a more definite statement is denied as moot.

**II.  FACTUAL AND PROCEDURAL BACKGROUND**

In addition to the Moving Defendants, Plaintiff has also sued eleven unnamed defendants, referred to in the Amended Complaint as City of Geneva Police Officer Jane Doe 1, City of Geneva Police Officers John Does 1-5, and City of Geneva Fire Fighters John Does 1-5. Docket No. 2 at 1. In his Amended Complaint, Plaintiff collectively refers to all defendants except the City of Geneva, Mayor Alcock, Chief Trickler, and Chief Combs as the "On-scene Defendants." *Id*. at ¶ 11.

According to Plaintiff, on August 15, 2016, the On-Scene Defendants responded to a report of a barn fire at 73 Reed Street in the City of Geneva. Docket No. 2 at ¶ 18. Plaintiff alleges that the On-scene Defendants were "frustrated" with him at that time because, earlier that day, they had responded to two false alarms at his residence. *Id*. at ¶ 19. Plaintiff further claims that tensions were high because one of the responding firefighters suffered a heart attack after arriving on the scene. *Id*. at ¶ 20.

2

Plaintiff alleges that the On-scene Defendants encountered him trying to control the fire and that they "intervened and immediately put out the fire and began an investigation into the cause of the fire." *Id*. at ¶ 21. According to Plaintiff, he was cooperative with the investigation and offered to provide the On-scene Defendants with video from his home surveillance system. *Id*. Plaintiff claims that during the course of their investigation, the On-scene Defendants, "without a warrant or probable cause," entered and searched the house adjacent to the barn, which is a rental property owned by Plaintiff and occupied by Plaintiff and a tenant. *Id*. at ¶ 22.

Plaintiff further claims that, after being questioned by the On-scene Defendants, he entered the basement area of his residence, where his "long-gun" was leaning against a wall. *Id*. at ¶ 23. According to Plaintiff, anticipating that the On-Scene Defendants were likely to enter the basement and "hoping to avoid any further tension," he picked up the gun, walked into the basement away from the On-scene Defendants, and placed the gun in its storage area. *Id*. Plaintiff states that "[s]hortly thereafter," he exited the basement to have a cigarette, carrying nothing in his hands. *Id*. at ¶ 24. Plaintiff alleges that as he was exiting his residence, he was told to place his hands in the air. *Id*. Plaintiff claims that he complied with this direction, but was nevertheless immediately and without warning shot with a police taser. *Id*. Plaintiff further claims that immediately after being tased, he was

3

tackled to the ground by "more than one of the On-scene Defendants." *Id*.

Plaintiff further alleges that "several of the On-scene Defendants" used excessive force in taking him into custody. *Id*. at ¶ 25. According to Plaintiff, the On-Scene Defendants broke his upper arm, then denied his requests for medical attention for approximately 30 minutes. *Id*. at ¶¶ 25-26.

Plaintiff's Complaint does not contain any factual allegations of individual involvement in the above-referenced acts by the City of Geneva, Mayor Alcock, Chief Trickler, and Chief Combs. Instead, Plaintiff contends that these defendants, whom he collectively refers to as the "Municipal Defendants," are "liable to Plaintiff for all associated damages due the Plaintiff pursuant to the state common law doctrine of respondeat superior." *Id*. at ¶ 69.

Plaintiff commenced the instant action on August 14, 2017. Docket No. 1. The following day, Plaintiff filed his Amended Complaint. Docket No. 2. The Moving Defendants filed the instant motion to dismiss or, in the alternative, for a more definite statement on October 27, 2017. Docket No. 8. Plaintiff was originally given until November 13, 2017 to file a response but, at his request, that deadline was extended to January 17, 2018. Docket No. 10. Despite having been granted his requested extension, Plaintiff has, to date, failed to file any opposition to the instant motion.

## III. DISCUSSION

### A. Legal Standard

"To survive a motion to dismiss [made pursuant to Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not provide "detailed factual allegations," it nevertheless must assert "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The plaintiff must plead facts that "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (citations omitted). For its part, the Court must accept, as true, all factual allegations in the complaint, and must draw all reasonable inferences in favor of the nonmovant. *Atwood v. Cohen & Slamowitz LLP*, No. 17-702-CV, 2017 WL 6403506, at *1 (2d Cir. Dec. 15, 2017).

### B. Plaintiff's Amended Complaint Fails to State a Federal Claim

As set forth above, Plaintiff's Amended Complaint purports to assert violations of Plaintiff's Fourth and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983 ("Section 1983"). Under Section 1983, "'anyone acting under color of any [state] statute, ordinance, regulation, custom, or usage,' who causes a United States citizen to be deprived 'of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.'" *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (quoting 42 U.S.C. § 1983). A plaintiff seeking relief under Section 1983 "must allege that (1) the challenged conduct was attributable to a person acting under color of state law, and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999) (citation omitted). Of particular relevance to this case, "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (internal quotation omitted). In this case, the Moving Defendants contend that Plaintiff has failed to state a viable claim under Section 1983, because he has engaged in

impermissible "group pleading." The Court agrees, for the reasons set forth below.

As the Second Circuit has explained, "[a]lthough Federal Rule of Civil Procedure 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (internal quotation omitted). A complaint that "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct . . . fail[s] to satisfy this minimum standard." *Id.*; *see also Spring v. Allegany-Limestone Cent. Sch. Dist.*, 138 F. Supp. 3d 282, 293 (W.D.N.Y. 2015), *vacated in part on unrelated grounds*, 655 F. App'x 25 (2d Cir. 2016) ("Because the personal involvement of a defendant is a prerequisite to an award of damages under § 1983, a plaintiff cannot rely on a group pleading against all defendants without making specific individual factual allegations."); *Leneau v. Ponte*, No. 1:16-CV-776-GHW, 2018 WL 566456, at *15 (S.D.N.Y. Jan. 25, 2018) ("complaints that rely on group pleading and fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim") (internal quotation omitted); *Adamou v. Cty. of Spotsylvania, Virginia*, No. 112CV07789ALCSN, 2016 WL 1064608, at *11 (S.D.N.Y. Mar. 14, 2016) ("Pleadings that fail to differentiate

7

as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim.").

In this case, Plaintiff has indisputably engaged in impermissible group pleading. He has sued 26 named and unnamed individual City of Geneva police officers and firefighters, yet has not identified any alleged conduct by any particular individual. Instead, he has simply lumped these 26 individuals together as the so-called "On-scene Defendants" and asserted his claims against them as a group. With respect to the defendants not defined as "On-scene Defendants," the Amended Complaint contains no factual allegations at all. Accordingly, the Amended Complaint does not put any of the defendants on notice as to the basis for the claims against them.

Plaintiff's Amended Complaint relies on precisely the type of group pleading that the Second Circuit and this Court have held fails to comport with the requirements of Rule 8. Plaintiff's Amended Complaint therefore fails to state a claim and the Court finds that dismissal pursuant to Rule 12(b)(6) is appropriate.

### C. The Court Declines to Exercise Pendent Jurisdiction over Plaintiff's State Law Claims

Having found that Plaintiff has failed to state a claim under Section 1983, the Court next considers whether to dismiss Plaintiffs' remaining claims, all of which arise under state law. "The Court has the discretion to dismiss plaintiff's pendent state law claim[s] for lack of subject matter jurisdiction when it dismisses all of the federal question claims in a complaint." *Birch*

*v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007). "It is well settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." *Klein & Co. Futures v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006). In this case, having determined that all the federal claims set forth in the Amended Complaint are subject to dismissal, the Court declines to exercise pendent jurisdiction over Plaintiff's state law claims and finds that dismissal of these claims without prejudice is appropriate. The Court further finds that it need not consider the Moving Defendants' argument that Plaintiff failed to comply with New York General Municipal Law § 50-h, and therefore declines to reach this issue.

### D. The Moving Defendants' Request for a More Definite Statement is Moot

Finally, the Court notes that the Moving Defendants made an alternative request that the Court order Plaintiff to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Having determined that the Amended Complaint is subject to dismissal, the Court denies this request as moot.

### IV. CONCLUSION

For the reasons set forth above, the Moving Defendants' motion to dismiss or, in the alternative, for a more definite statement (Docket No. 8) is granted to the extent it seeks dismissal of

9

Plaintiff's Amended Complaint and denied as moot to the extent it seeks a more definite statement. The Amended Complaint (Docket No. 2) is dismissed in its entirety. The dismissal of Plaintiff's state law claims is without prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   March 26, 2018
         Rochester, New York